**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golden Rule Properties, LLC, <br><br> Defendant. | Case No. <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Golden Rule Properties, LLC hereby removes the state court action described below to this Court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction under 28 U.S.C. § 1331. Removal is based upon the following:

1. Plaintiffs commenced a civil action on June 9, 2016 in Maricopa County Superior Court under case number CV2016-006898 and captioned as *Advocates for Individuals* with Disabilities Foundation, Inc *LLC, v. Golden Rule Properties, LLC* (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(b), and L.R.Civ. 3.6(b) a copy of the Complaint, Summons, Certificate of Arbitration, and Affidavit of Service are attached as Exhibit "A." Undersigned counsel verifies that Exhibit "A" contains true and

1  complete copies of all papers served on Defendant in connection with the State Court
2  Action.

3      3.    The Complaint in the State Court Action asserts one cause of action against Defendant for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (the "ADA"), and its Arizona counterpart, A.R.S. § 41-1492 et seq. (the "AzDA").  See Complaint ¶ 3.

4.    Without admitting the truth of any allegation against Defendant, Plaintiff alleges that it has third-party standing under 28 CFR § 36.205 to bring an ADA (and AzDA) claim on behalf of third party disabled individuals against Defendant on the following grounds:

> Violation of the 2010 ADA Standards of Accessibility Design §§216.5 and 502.6 in that it fails to identify van parking spaces by the designation "van accessible" and or fails to maintain the minimum height of 60 inches (1525 mm) above the finish floor.

See Complaint ¶¶ 4 & 23

Plaintiff further alleges that Defendant's conduct listed above constitutes discrimination to Plaintiff under Title III of the ADA, 42 U.S.C. §§ 12101 et seq. and its implementing regulations 28 CFR §§ 36.101 et seq.  (Complaint ¶ 34)

5.    This Notice of Removal is filed within thirty days of the initial receipt of Plaintiffs' Complaint (served June 21, 2016).  It therefore is filed within the time limits set forth in 28 U.S.C. § 1446 (b).

6.    The State Court Action is a civil action involving a federal question arising under the ADA.  Therefore, this Court has original jurisdiction under 28 U.S.C. § 1331 based on federal question jurisdiction because Plaintiffs' claim arises under federal law.  This action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

2

7. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1441(a) because the Maricopa County Superior Court is located within the United States District of Arizona.

8. There are no Defendants who have not been served, and all served Defendants consent to removal.

9. A demand for jury trial was made in state court by Plaintiff. Defendant hereby demands trial by jury on all issues in the case pursuant to Rule 38(b), Federal Rules of Civil Procedure.

10. Counsel for Defendant hereby certifies that a copy of this Notice of Removal, and a Notice of Filing Notice of Removal, are being filed with the clerk of the Maricopa County Superior Court.

11. Based on the foregoing, the State Court Action is properly removed to this Court.

DATED this 19th day of July, 2016.

**Jaburg & Wilk, P.C.**

/s/ Matthew T. Anderson
Matthew T. Anderson
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant

*Certificate of Service*

I hereby certify that on 19th day of July, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik, Esq.
STROJNIK P.C.
1East Washington Street, Suite 500
Phoenix, Arizona 85004
2706EUniversitydr@aadi.org
Attorneys for Plaintiff

/s/ Kelli Cunningham

3