1  Peter Strojnik, State Bar No. 6464
2  **Strojnik P.C.**
   1 East Washington St.
3  Suite 500
   Phoenix, AZ 85004
4
5  Fabian Zazueta, State Bar No. 032687
   **Advocates for Individuals with Disabilities**
6  40 North Central Ave
   Suite 1400
7  Phoenix, AZ 85004
   Telephone:  (774) 768-2233
8  fabian@aid.org
9  2706EUniversityDr@aid.org
   Attorneys for Plaintiffs
10

11              **IN THE UNITED STATES DISTRICT COURT**
12
13              **FOR THE DISTRICT OF ARIZONA**

14
15  Advocates for Individuals with Disabilities
    Foundation, Inc.,,                          Case No 2:16-cv-02412-DMF
16                        Plaintiff,
17
18  vs.                                    **PLAINTIFF'S MOTION TO**
                                           **DISMISS FEDERAL CLAIMS**
19  Golden Rule Properties LLC,            **WITH PREJUDICE AND**
                        Defendant.         **MOTION TO REMAND TO**
20                                         **STATE COURT**
21
22
23

24
25      Plaintiffs, Advocates for Individuals with Disabilities and David Ritzenthaler, by

26  and through undersigned counsel, hereby move to dismiss Plaintiff's federal claims (42

27  U.S.C. §§ 12101 *et seq*) with prejudice pursuant to the Federal Rules of Civil Procedure

28

Rule 41(a)(2), with each party to bear its own fees and costs.[9]  Defendant does not consent to this motion.[10]  Plaintiffs subsequently move to remand this Action to the Maricopa County Superior Court for want of subject matter jurisdiction. The following is supported by the Memorandum of Points and Authorities.


RESPECTFULLY SUBMITTED Thursday, July 28, 2016.



**STROJNIK P.C.**
Peter Strojnik, Esq.
Attorney for Plaintiffs



/s/ Fabian Zazueta
**ADVOCATES FOR INDIVIDUALS WITH DISABILITIES**
Fabian Zazueta, Esq.
Attorney for Plaintiffs

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[9] Plaintiffs will draft a separate alternative motion for dismissal with interest, attorney's fees and costs in the event Defendant oppose the motion.

[10] Although counsel for Plaintiff proposed that Defendant join in a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Defendant declined to do so. Thus, Plaintiffs filed the instant motion.

## I.    Brief Statement of Facts

This Action was filed in the Maricopa County Superior Court on Thursday, June 09, 2016, against Golden Rule Properties LLC ("Defendant"), alleging violations of/ or negligent compliance with the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, **and** its Arizona counterpart, Arizona Revised Statute §§ 41-1492 *et. seq.*, and applicable implementing regulations.  *See generally* Doc 1. On 7/19/2016, Defendant, through counsel, removed this Action to this Court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction under 28 U.S.C. § 1331. *See generally* Doc 1. This Court exercised jurisdiction over Plaintiff's state law claims arising out of Arizona Revised Statutes §§ 41-1492 *et. seq.*, under 28 § 1367 as those claims occurred within the same transaction or occurrence. Defendants filed an Answer to Plaintiff's Verified Complaint on 7/12/2016. *See generally* Exhibit B.

In light of Defendant's counsel being unwilling to stipulate to dismissal, Plaintiffs solely move to dismiss their federal claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, pursuant to Rule 4(a)(2). Plaintiffs also move to remand this Action to state court so the parties can litigate Plaintiffs remaining state law causes of action.

## II.    Legal Analysis

Rule 41, Federal Rules of Civil Procedure, provides the manner by which a plaintiff may dismiss an action. A plaintiff may dismiss its action without an order from the court, either by a notice, if no opposing party has filed an answer or a motion for summary judgment, or by signed stipulation of all parties. Fed. R. Civ. P. 41(a)(1). Otherwise, dismissal requires an order from the court, and will be granted "on terms the court

considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal by court order is without prejudice unless the court's order states otherwise. *Id.*

### A. Defendant Will Not Suffer Legal Prejudice From Dismissal of This Action.

The court should grant a motion for voluntary dismissal unless doing so would cause "plain legal prejudice" to the defendant. *Hamilton v. Firestone Tire & Rubber Co*., 679 F.2d 143, 145 (9th Cir. 1982). Plain legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water District v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). Prejudice may occur if dismissal would cause a defendant to lose the right to a jury trial, lose some legal defense, or lose the right to use a certain forum. *Id*. It is not enough for the defendant to argue inconvenience, uncertainty, increased costs, or even tactical disadvantage. *See Hamilton*, 679 F.2d at 145 (holding that appellant failed to show plain legal prejudice merely by asserting that it had begun trial preparations); *see also Westlands*, 100 F.3d at 97 (rejecting the lower court's acceptance of uncertainty, delay and substantial expense as bases for rejecting the plaintiff's motion to dismiss).

Defendant will not suffer legal prejudice from the dismissal of this action. Plaintiffs promptly filed this motion within 8 days of Defendant's notice of removal and within 15 days of Defendant's Answer. Although increased costs do not amount to plain legal prejudice, to Plaintiff's knowledge, Defendant has not incurred additional litigation expenses after filing their Answer that would warrant denial of this motion. Moreover, in state court, Defendant still has a right to a jury trial and can allege the same defense they can in federal court. Accordingly, the Court should grant the motion to dismiss Plaintiff's federal claims.

**B.  The Court Lacks Subject Matter Jurisdiction**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here, Plaintiffs seek dismissal of their federal claims, which are the basis for Federal Question Jurisdiction. Plaintiffs motion to dismiss their federal claims will destroy subject matter jurisdiction in this Court and accordingly, Plaintiffs respectfully request the Court remand this Action to the Superior Court of Maricopa County.

## III.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court dismiss Plaintiff's federal claims without prejudice and remand this Action back to the state court where it originated.

RESPECTFULLY SUBMITTED Thursday, July 28, 2016.


_____
**STROJNIK P.C.**
Peter Strojnik, Esq.
Attorney for Plaintiffs



/s/ Fabian Zazueta
**ADVOCATES FOR INDIVIDUALS WITH DISABILITIES**
Fabian Zazueta, Esq.
Attorney for Plaintiffs

1

2

**ELECTRONICALLY FILED** and **COPIES** sent
Via Email Thursday, July 28, 2016 to:

3

Jaburg & Wilk, P.C.
Matthew T. Anderson

4

3200 N. Central Avenue, 20th Floor

5

Phoenix, AZ 85012
mta@jaburgwilk.com

6

7

/s/ Fabian Zazueta

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28