Jaburg & Wilk, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com

Attorneys for Defendant

## SUPERIOR COURT OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| ADVOCATES FOR INDIVIDUALS WITH DISABILITIES FOUNDATION, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN RULE PROPERTIES, LLC,<br><br>Defendant. | Case No. CV2016-006898<br><br>**ANSWER**<br><br>(Assigned to Honorable Joshua Rogers) |

Defendant Golden Rule Properties, LLC, ("Defendant"), by and through counsel undersigned, answers each allegation in the Complaint, identified by paragraph number as stated below.

As an initial matter, Defendant notes two apparent clerical errors in the Complaint that Defendant has attempted to account for here: (1) the Complaint was filed in Maricopa County Superior Court although the caption states United States District Court, District of Arizona, and (2) the Complaint numbering begins with paragraph 47.

### PARTIES

1. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies same.

2. Answering the allegations in Paragraph 48, Defendant admits only that it owns property located at 454 N. Lindsay Road, Mesa Arizona, 85213. Further, Defendant affirmatively denies that it offers public lodging services. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies same.

## INTRODUCTION

3. Paragraph 49 cites certain federal regulations that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 49.

4. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and therefore denies same.

5. Defendant denies the allegations contained in Paragraph 51.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies same.

## JURISDICTION AND VENUE

7. Answering Paragraph 53, Defendant admits only that this Court has jurisdiction to hear the claims asserted in this lawsuit. The remaining allegations are denied.

8. Answering Paragraph 54, Defendant admits only that this Court has jurisdiction to hear the claims asserted in this lawsuit. The remaining allegations are denied.

9. Answering Paragraph 55, Defendant admits only that venue is appropriate in this Court. The remaining allegations are denied.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

10. To the extent a response is necessary, the allegations in Paragraph 56 call for a legal conclusion and speculation; therefore, Defendant denies same.

11. To the extent a response is necessary, the allegations in Paragraph 57 call for a legal conclusion; therefore, Defendant denies same. The authority cited speaks for itself.

12. To the extent a response is necessary, the allegations in Paragraph 58 call for a legal conclusion; therefore, Defendant denies same. The authority cited speaks for itself.

13. To the extent a response is necessary, the allegations in Paragraph 59 call for a legal conclusion; therefore, Defendant denies same. The authority cited speaks for itself.

14. Paragraph 60 cites certain federal regulations that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 60.

15. Paragraph 61 cites certain federal regulations that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 61.

16. Paragraph 62 cites certain federal regulations and processes that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 62.

17. Paragraph 63 cites certain organizations and regulations that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 63.

18. Paragraph 64 cites certain federal regulations that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 64.

19. Paragraph 65 cites certain federal regulations and processes that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 65.

20. Paragraph 66 cites certain federal regulations and processes that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 66.

21. Paragraph 67 cites certain federal regulations and processes that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 67.

## THE AzDA AND ITS IMPLEMENTING REGULATIONS

22. Paragraph 68 cites certain regulations that speak for themselves, and to which no response is necessary. Defendant denies any remaining allegations contained in Paragraph 68.

## ALLEGATIONS COMMON TO ALL COUNTS

23. Defendant denies the allegations contained in Paragraph 69, including all subparts.

24. Defendant denies the allegations contained in Paragraph 70.

25. Defendant denies the allegations contained in Paragraph 71.

26. Defendant denies the allegations contained in Paragraph 72.

27. Defendant denies the allegations contained in Paragraph 73.

28. Defendant denies the allegations contained in Paragraph 74.

29. Defendant denies the allegations contained in Paragraph 75.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore denies same.

31. Defendant denies the allegations contained in Paragraph 77.

32. Defendant denies the allegations contained in Paragraph 78.

## COUNT ONE
### (Violation of Title III of ADA)

33. Defendant incorporates its answers to Paragraphs 1 – 78 as if fully set forth herein.

| | | |
|---|---|---|
|34.|Defendant denies the allegations contained in Paragraph 80.||
|35.|Defendant denies the allegations contained in Paragraph 81.||
|36.|Defendant denies the allegations contained in Paragraph 82.||
|37.|Defendant denies the allegations contained in Paragraph 83.||
|38.|Defendant denies the allegations contained in Paragraph 84.||
|39.|Defendant denies the allegations contained in Paragraph 85.||

### COUNT TWO
(Violation of A.R.S. Title 41, Chapter 9, Article 8, §§41-1492 et seq. AND Implementing Regulations)

40. Defendant incorporates its answers to Paragraphs 1 – 85 as if fully set forth herein.

41. Defendant denies the allegations contained in Paragraph 87.

42. Defendant denies the allegations contained in Paragraph 88.

43. Defendant denies the allegations contained in Paragraph 89.

44. Defendant denies the allegations contained in Paragraph 90.

45. Defendant denies the allegations contained in Paragraph 91.

46. Defendant denies the allegations contained in Paragraph 92.

### AFFIRMATIVE DEFENSES

A. The Complaint fails to state a claim upon which relief may be granted.

B. Plaintiff lacks standing to bring its claims, because, including but not limited to (i) it is not a bona fide patron of any public accommodation located at the property at issue; (ii) it does not bring this claim on behalf of a disabled individual who has not visited the public accommodation due to a barrier; (iii) it does not allege barriers related to any specific disability; (iv) it does not bring this claim on behalf of a disabled individual who intends to return to the public accommodation; and (v) it does not properly represent or bring claims on behalf of the disabled community.

C. The individuals Plaintiff purports to bring claim on behalf of have had effective access to any public accommodation at issue, and the alleged noncompliance, which is denied, was de minimis and not actionable.

D. Plaintiff's claims are barred by the doctrine of unclean hands, waiver, and/or estoppel.

E. Plaintiff has failed to mitigate its alleged damages.

F. Failure to provide notice and the opportunity to cure.

G. Plaintiff's state law claims are preempted by federal statute.

H. Plaintiff's claims may be barred by the applicable statute of limitations.

I. Plaintiff's claims are based upon alleged standards that do not apply to any business located at the property.

J. A safe harbor under the ADA may apply to Defendant's property.

## **DEFENDANT'S REQUESTED RELIEF**

(a) Dismiss the Complaint with prejudice;

(b) Deny Plaintiff's demands and prayer for relief as stated in the Complaint;

(c) Award Defendant its costs and reasonable attorney's fees incurred in defense of this action pursuant to A.R.S §§ 12-341, 12-349, 41-1472, 42 U.S.C.A. § 12205, and 28 C.F.R. § 36.505, and other applicable law; and

(d) Grant such other and further relief as the Court deems just and proper.

DATED this 11th day of July, 2016.

**Jaburg & Wilk, P.C.**

/s/ Matthew T. Anderson
Matthew T. Anderson
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant

**ORIGINAL E-FILED** and **COPY**
of the foregoing mailed this
11th day of July, 2016 to:

Peter Strojnik, Esq.
STROJNIK P.C.
1East Washington Street, Suite 500
Phoenix, Arizona 85004
Attorneys for Plaintiff

/s/ Kelli Cunningham