**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golden Rule Properties, LLC, <br><br> Defendant. | Case No. 2:16-cv-02412-SPL <br><br> **DEFENDANT'S APPLICATION FOR AWARD OF ATTORNEY FEES AND RELATED NON-TAXABLE EXPENSES** |

Pursuant to Fed. R. Civ. P. 54(d)(2), LRCiv 54.2, and this Court's Order dated August 19, 2016 granting leave to seek fees and costs (Doc. 14), Defendant Golden Rule Properties, LLC ("Golden Rule") respectfully files its application for an award of its attorney fees and related non-taxable expenses incurred in removal. This Motion is supported by the following Memorandum of Points and Authorities and supporting documentation as required by LRCiv 54.2(c) and (d), including a statement of consultation, fee agreement, itemized statement of fees and expenses, and declaration of moving counsel.

### MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 1447(c), and in accordance with LRCiv 54.2, Golden Rule respectfully moves this Court for an award of its reasonable attorney fees and costs incurred in removing this action. Golden Rule calculates its awardable attorney fees to

1  be **$2,149.50**, and related non-taxable expenses to be **$406.00**. *See* Declaration of
2  Matthew T. Anderson, attached hereto as **Exhibit A** and incorporated by this reference.

## I.     ELIGIBILITY AND NATURE OF CASE – LRCiv 54.2(c)(1)

Federal law requires that the Court remand a case if, at any time, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*. Moreover, the Court may assess fees and costs under its inherent powers if it determines that a party has acted in bad faith. *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1254 (9th Cir. 2016) ("The district court's finding of bad faith authorized it to levy sanctions under its inherent power.") (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50, 111 S.Ct. 2123 (1991)). On August 19, 2016, the Court entered an order finding good cause for an award of fees and costs and ordering that Golden Rule "shall be granted reasonable attorneys' fees and costs incurred in removing this matter." (Doc. 14).

The current case is a serial lawsuit, among more than a thousand other identical lawsuits by the same party, filed under the Americans with Disabilities Act and the Arizonans with Disabilities Act. Although irrelevant to reimbursement of fees and costs on removal, Golden Rule anticipates it will prevail on various grounds, including, inter alia, lack of standing and mootness. The award of fees and costs is appropriate, here, where the Plaintiff affirmatively induced Golden Rule to incur the expense of removal and immediately dismissed its federal claim to counteract the removal and render Golden Rule's effort and expense a complete waste. Under such circumstances an award of fees and costs is just.

Moreover, Plaintiff's bad faith conduct similarly justifies an award of fees and costs. It appears such tactics are commonplace for Plaintiff, and the Arizona Attorney General's Office recently sought to intervene in all Plaintiff's cases in state court. *See* Dave Biscobing & Shawn Martin, *Attorney General's office takes action after ABC investigation into ADA serial suers*, ABC15.com, *available at*

http://www.abc15.com/news/local-news/investigations/attorney-generals-office-takes-action-after-abc15-investigation-into-ada-serial-suers; Steven Totten, *BREAKING: Arizona Attorney General's Office files motion to intervene on ADA lawsuits*, Phoenix Business Journal, *available at* http://www.bizjournals.com/phoenix/news/2016/08/24/arizona-attorney-generals-office-files-motion.html.

## II.   ENTITLEMENT – LRCiv 54.2(c)(2)

Federal courts have discretion to award fees and costs incurred in removal when such an award would be just. 28 U.S.C. § 1447(c). The U.S. Supreme Court has held that an award of expenses pursuant to 28 U.S.C. § 1447(c) should be faithful to the purposes of the statute, designed to avoid unnecessary delay and waste of resources. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 126 S. Ct. 704, 711 (2005) ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."). Although such awards are typically granted to plaintiffs in the context of improper removal, *but see Willems v. Apartment Inv. & Mgmt. Co. AIMCO*, 81 Fed. Appx. 230 (9th Cir. 2003), the plain language of the statute authorizes the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The statute does not specifically limit the required reimbursement to a particular party. The statute seeks to have justice done under the circumstances.

Here, Plaintiff's action created needless delay and waste, both of public and private resources. In fact, its conduct appears contemplated to do exactly that. Thus, an award of fees and costs incurred in removal is just.

The Ninth Circuit has held that attorney time spent moving for a fee award is proper to include as part of the Court's final attorney's fee award. *Holland v. Roeser*, 37 F.3d 501 (9th Cir. 1994); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir.

3

1986) (holding that time spent preparing a fee application is compensable within a reasonable attorney's fee).

## III. REASONABLENESS OF THE REQUESTED AWARD – LRCiv 54.2(c)(3)

The total amount of fees and expenses requested by Golden Rule is reasonable. When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

In calculating the lodestar, the court should consider any of the relevant factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir.1975). See *Jordan v. Multnomah Cnty*., 815 F.2d 1258, 1264 n. 11 (9th Cir.1987) (noting that the Ninth Circuit no longer requires that the district court address every factor listed in *Kerr*). The *Kerr* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70. "The court considers only those Kerr factors it deems relevant to the present circumstances." *Curtis v. Illumination Arts, Inc*., 33 F. Supp. 3d 1200, 1221-22 (W.D. Wash. 2014). The *Kerr* factors have been made part of the local rules for the District of Arizona. LRCiv 54.2(c)(3).

By utilizing the factors identified in *Kerr* and Local Rule 54.2(c)(3), it is evident that the attorneys' fees sought here are reasonable and should be awarded to ACT.

4

### 1. Time and labor required

The amount of time and labor expended has been reasonable in light of the limited scope of the award. Counsel has attempted to work as efficiently as possible to keep costs low in an effort to defend the case for at or less than Plaintiff's extortive demands. *See* **Exhibit A**. The specific task-based and itemized statement of fees and expenses is attached to the Declaration of Matthew Anderson at ***Exhibit 1***, and reflects that the time spent and expenses incurred were reasonable and necessary under the circumstances. *Id*. Golden Rule's counsel has exercised good billing judgment in the course of billing time in this matter and in making this Motion. *See* Exhibit A. For this Motion, Golden Rule includes only those expenses related to removal.

### 2. Novelty and difficulty of questions involved

The issues were not particularly novel or difficult because they solely concern procedural matters of removal and remand. Plaintiff's litigation tactics and gamesmanship increased the fees expended.

### 3. Skill required to perform the legal service properly

The skill required was not particularly high in light of the issue. Work was delegated whenever feasible. Much of the document preparation was done by an administrative assistant. Most of the heavier lifting—as far as research and drafting—was conducted by an associate, who bills at a lower rate. Exhibit A. The time expended was necessary to effect Golden Rule's legal strategy, and counsel was precluded from other work as a result of their efforts. *Id*.

### 4. Customary fees charged and experience of counsel

In assessing a reasonable hourly rate for the lodestar figure, courts should consider the prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895–96 and n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

1 "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the
2 community, and rate determinations in other cases, particularly those setting a rate for
3 the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United
4 Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990).

5 According to the 2013 Economics of Law Practice in Arizona produced by the
6 State Bar of Arizona, the average rate for attorneys in business litigation in 2013 was
7 $336.00/hour. In an ADA case in 2012, the district court found reasonable the hourly
8 rate of an attorney with 16 years of experience at $375.00/hour. *Vesecky v. Wilshire
9 Aspirations, LLC*, CV-11-1180-PHX-LOA, 2012 WL 715564, at *11 (D. Ariz. Mar. 6,
10 2012). Mr. Anderson is a partner with Jaburg Wilk and has been practicing law for more
11 than eight years. Exhibit A. He focuses his practice on hospitality and complex
12 litigation defense. He has extensive experience in ADA-related cases. He is a member
13 of the Retail, Restaurant & Hospitality Committee of the Claims & Litigation
14 Management Alliance (CLM) and a former Steering Committee Member of the ALFA
15 International Hospitality Law Practice Group. Mr. Anderson co-authored the Arizona
16 Claims Handling Guide, published by the Claims & Litigation Management Alliance.
17 He regularly publishes articles on hospitality defense related issues. Mr. Anderson's
18 average hourly billing rate is $300.00/hour. However, he is billing Golden Rule at a
19 reduced rate of $265.00/hour due to the nature of these cases. This rate is below the
20 customary charges and is reasonable and appropriate for his level of experience, the
21 type of skills involved, and the practice of law in Phoenix, Arizona.

22 For purposes of this Motion and narrowed fee application, Golden Rule also
23 seeks an award of fees for legal services performed by an associate at Jaburg Wilk,
24 Aaron Haar (who bills at $220.00/hour). Mr. Haar has been practicing commercial
25 litigation for three years. Mr. Haar's customary fee charged is reasonable and
26 appropriate for his level of experience, the type of skills involved, and the practice of
27 law in Phoenix, Arizona. Exhibit A. Each of the attorneys involved in this litigation for
28 Golden Rule is of good standing with the Arizona Supreme Court and the State Bar, has

6

the requisite level of experience and necessary skills for the particular services performed in this matter, and maintains a stellar reputation in the legal community.

### 5.     Fixed/hourly fee arrangement

The fee arrangement executed between Golden Rule and its attorneys was for an hourly fee, a copy of which is attached as ***Exhibit 2*** to the Declaration of Mr. Anderson, at Exhibit A.

### 6.     Value of rights involved and results obtained

LRCiv 54(c)(3)(H) expands *Kerr* factor "(8)" ("the amount involved and the results obtained") to include, alternatively, "the value of rights involved." Golden Rule's right to defend itself in a fair and efficient venue is vital to the efficient administration of justice. Obtaining an award of fees and costs helps vindicate those rights. Plaintiff's gamesmanship undercuts the entire system for its own personal financial game. Such conduct should be discouraged. An award of fees and costs will hopefully discourage such conduct in the future.

### 7.     Nature and length of the attorney-client relationship

Jaburg Wilk has represented Golden Rule since shortly after this lawsuit was filed.

### 8.     Awards in similar cases

There are few cases in Arizona that discuss the amount of fees awarded under 28 U.S.C. § 1447(c). In a 2011 case, the court approved an application for $3,358.71, which consisted of 16.45 hours of work at $200/hour and related expenses. *LaCount v. Yavapai County*, CV-10-8251-PCT-FJM, 2011 WL 2784885, at *2 (D. Ariz. July 15, 2011). In a 1992 case, the Ninth Circuit affirmed the California district court's award of $11,885.65 in costs and fees under 28 U.S.C. § 1447(c). *Moore v. Permanente Med. Group, Inc.*, 980 F.2d 738 (9th Cir. 1992). Comparably, Golden Rule seeks recovery of less than ten hours of work at much less than the total amount awarded in either of these cases.

**IV.     CONCLUSION**

For the foregoing reasons, and consistent with the Court's August 19, 2016 award of fees and costs, Defendant Golden Rule Properties, LLC respectfully requests the Court award it attorney fees of **$2,149.50**, and its related non-taxable expenses of **$406.00**.

RESPECTFULLY SUBMITTED this 25th day of August, 2016.

**Jaburg & Wilk, P.C.**

/s/ Matthew T. Anderson
Matthew T. Anderson
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant

**Separate Statement of Consultation**

Pursuant to LRCiv 54.2(d)(1), undersigned counsel hereby certify, under penalty of perjury, that on August 25, 2016, attorney Aaron K. Haar personally spoke, via telephone, with Plaintiff's attorney, Fabian Zazueta, regarding Golden Rule's award of attorney fees and costs. In the call, attorney Haar confirmed that, unless the parties are able to satisfactorily resolve the issue of attorney fees and costs, Golden Rule must proceed with seeking attorney fees in accordance with LRCiv 54.2. Counsel for the parties were unable to satisfactorily resolve all disputed issues relating to attorney fees awardable to Golden Rule.

/s/ Aaron K. Haar

**Certificate of Service**

I hereby certify that on this 25th day of August, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik, Esq.
STROJNIK P.C.
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
ps@strojnik.com

Fabian Zazueta, Esq.
Advocates for Individuals with Disabilities
40 North Central Ave, Suite 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233
fabian@aid.org

Attorneys for Plaintiff

/s/ Kelli Cunningham