**EXHIBIT A**

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golden Rule Properties, LLC, <br><br> Defendant. | Case No. 2:16-cv-02412-SPL <br><br> **DECLARATION OF MATTHEW T. ANDERSON IN SUPPORT OF DEFENDANT'S APPLICATION FOR ATTORNEY FEES AND RELATED NON-TAXABLE EXPENSES** |

I, Matthew T. Anderson, declare as follows:

1. I am a licensed practicing attorney within the State of Arizona and am a partner with the law firm of Jaburg & Wilk, P.C. (the "Law Firm"). I represent the Defendant, Golden Rule Properties, LLC ("Golden Rule") in this matter, and this Declaration is made of my own personal knowledge and is submitted in support of Defendant's Motion for Award of Attorney Fees and Related Non-Taxable Expenses.

2. I have practiced in the area of commercial litigation, including hospitality defense and complex litigation, in both state and federal courts in Arizona. I have extensive experience in ADA-related cases. I have been practicing law for more than eight years, and I am in good standing with the Arizona Supreme Court and Arizona State Bar, and maintain a good reputation in the legal community. The Court can learn more about my background from the information at my firm's website, http://www.jaburgwilk.com//our-people/matt-anderson.

3. Mr. Aaron Haar is an associate attorney who worked on this matter. He has been with the firm for three years, and is licensed and in good standing with the Arizona Bar. More can be learned about Mr. Haar here: www.jaburgwilk.com/our-people/aaron-k-haar.

4. The Law Firm was retained by Golden Rule to represent it in this matter pursuant to an hourly fee agreement, whereby the Law Firm agreed to perform legal services in consideration for fees and costs to be charged and paid in accordance with the Law Firm's normal rates and billing procedures. Due to the nature of these ADA lawsuits, I agreed to perform legal services under the fee agreement at a discounted rate. All fees and costs incurred in the above-captioned litigation were billed pursuant to this fee agreement. A copy of this fee agreement as signed by Golden Rule is attached as "***Exhibit 2***."

5. My discounted billing rate, and the usual and customary billing rates for the other attorneys who worked on this case, were established by agreement between the Law Firm and Golden Rule by taking into account each of our experiences and training.

6. The attorneys working on this case charged the following hourly rates:

| | |
|---|---|
| Matthew T. Anderson (MTA) | $265 |
| Aaron K. Haar (AKH) | $220 |

7. Each of these attorneys was qualified and, in my opinion, competent to perform the services listed.

8. In addition, the Law Firm utilized full time, experienced legal secretaries, administrative professionals, and paralegals in this matter to perform certain tasks that did not require the skills of an attorney and were not charged to the client.

9. The specific task-based itemized statement of fees and expenses incurred in the representation of Golden Rule is attached hereto as "***Exhibit 1***" and reflects that the time spent and expenses incurred were reasonable and necessary under all circumstances and allegations presented in this action.

2

10. Exhibit 1 is a true and correct copy of Golden Rule's itemized and detailed statement of attorney fees and related non-taxable expenses incurred in removing this matter on behalf of Golden Rule. I have personal knowledge that all fees and non-taxable expenses as described herein and in Exhibit 1 were reasonably and necessarily incurred under the circumstances in this matter.

11. In regard to attorney fees, and pursuant to LRCiv 54.2(e)(1), Exhibit 1 identifies dates of service, itemized descriptions of services rendered, identity of the attorney furnishing each service, hours billed for those services, and the hours and correlating amounts for which Golden Rule is seeking an award.

12. The fee hours set forth in Exhibit 1 are accurate and Golden Rule has paid the amounts listed or is liable to pay the amounts listed.

13. The fees set forth in Exhibit 1 are based upon individual timesheets maintained by the attorneys involved in this case on a daily basis and entered into a fee and cost tracking computer program where the data is stored and bills are thereafter rendered to the client on a monthly basis, with each bill providing descriptions of the work performed and the charges and costs incurred for the month. These practices and procedures are standard to the Law Firm and are within its normal business practices.

14. I am familiar with the rates for similar services in the Phoenix area and, in my opinion, the hourly rates and fees charged by the Law Firm to Golden Rule in connection with this matter were reasonable and comply with E.R. 1.5 of the Arizona Rules of Professional Conduct. Moreover, the time spent by each timekeeper was reasonable and not a duplication of effort. In my opinion, no time spent on this matter was unreasonable, imprudent, or unnecessary.

15. We have calculated Golden Rule's awardable attorney fees to be **$2,149.50**, and its related non-taxable expenses to be **$406.00**. (See "Costs and Expenses" at end of Exhibit 1).

16. In accordance with LRCiv 54.2(d)(4)(C), we have endeavored to eliminate time that may be misconstrued as unnecessary, duplicative, excessive, or otherwise

unawardable. The billings at <u>Exhibit 1</u> also reflect "no-charge" items for services that were performed but not billed to client and thus are not sought in the Motion for award of fees and costs. Accordingly, we have exercised good "billing judgment" in our time entries throughout this litigation as required by LRCiv 54.2(d)(4)(C).

I declare the foregoing to be true and correct under penalty of perjury.

DATED this 25th day of August, 2016.

**Jaburg & Wilk, P.C.**

*/s/ Matthew T. Anderson*
Matthew T. Anderson
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant

4

# EXHIBIT 1

# Jaburg & Wilk P.C.
3200 N. Central Avenue
Suite 2000
Phoenix, AZ  85012
602-248-1000
Fax 602-248-0522
Tax Id 86-0487815

Golden Rule Properties, LLC  12/31/2059
Attn: Greg Page
P.O. Box 2318                                                                          18828        00001        MTA
Gilbert , AZ 85299

STATEMENT FOR PERIOD THROUGH 12/31/2059

LEGAL SERVICES REGARDING: Golden Rule Properties, LLC adv. Advocates for Individuals with Disabilities Foundation, Inc.

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 07/15/16 | Draft letter to opposing counsel re dismissal of federal claim. | AKH | 0.50 | 110.00 |
| 07/15/16 | (NO CHARGE) Edit and supplement letter to plaintiff's counsel regarding his potential dismissal of the federal claim | MTA | 0.10 | 0.00 |
| 07/18/16 | Call with opposing counsel re dismissal of federal claim. Confer with MTA on strategy re same. Correspondence with opposing counsel re same. | AKH | 0.30 | 66.00 |
| 07/18/16 | Telephone call from plaintiff's counsel regarding the potential dismissal of plaintiff's federal claim | MTA | 0.10 | 26.50 |
| 07/19/16 | Prepare notice of removal for Golden Rule 12 and identify all exhibits in support of same; prepare notice of filing notice of removal (0.6); telephone call Greg to discuss recommendations and email Greg regarding same (0.1); strategize re plaintiff's intention to dismiss federal claim post-removal and how to best address their gamesmanship with the court (0.1); prepare corporate disclosure statement for Golden Rule 12 (0.1). | MTA | 0.90 | 238.50 |
| 07/25/16 | (NO CHARGE) Telephone call Greg Page to discuss status and receive Greg's approval for recommendations in 7/13 email. | MTA | 0.30 | 0.00 |
| 07/29/16 | Begin drafting response to motion to dismiss for Golden Rule 12. | AKH | 0.60 | 132.00 |
| 08/01/16 | Analyze option for seeking sanctions against plaintiff for dismissal of ADA claim despite warning we would seek fees and costs. | MTA | 0.20 | 53.00 |
| 08/02/16 | Confer with MTA re motion for reconsideration on remand order. Conduct additional research and draft motion for reconsideration. | AKH | 0.90 | 198.00 |
| 08/03/16 | Assist in editing and revising motion to reconsider on dismissal of federal claim to seek award of fees and costs against plaintiff. | MTA | 0.30 | 79.50 |
| 08/03/16 | Make final revisions to motion for reconsideration. Draft proposed form of order. Coordinate filing. | AKH | 0.80 | 176.00 |
| 08/19/16 | (NO CHARGE) Review court's order re reconsideration. Request that AKH draft fee application. | MTA | 0.20 | 0.00 |
| 08/23/16 | Begin drafting LR 54.2 fee application. | AKH | 1.60 | 352.00 |
| 08/25/16 | Confer with MTA re fee app. (0.1) Finish drafting fee app. Draft Declaration of MTA. Compile other exhibits. (1.8) | AKH | 2.30 | 506.00 |
| 08/25/16 | Edit and supplement fee application, declaration, and exhibits. | MTA | 0.60 | 159.00 |

| TIMEKEEPER | | TIME | RATE | VALUE |
|---|---|---|---|---|
| AKH | Haar, Aaron K. | 7.00 | 220.00 | 1,540.00 |
| MTA | Anderson, Matthew T. | 0.60 | 0.00 | 0.00 |
| MTA | Anderson, Matthew T. | 2.30 | 265.00 | 609.50 |
| **TOTAL FEES** | | | | **$2,149.50** |

**Jaburg & Wilk P.C.**

| | | | | | |
|---|---|---|---|---|---|
| Golden Rule Properties, LLC | 12/31/2059 | 18828 | 00001 | MTA | Page 2 |

**COSTS AND EXPENSES**

| | | |
|---|---|---|
| 07/19/16 | Court fees federal court; removal; 12883 | 400.00 |
| 07/20/16 | Electronic Court Filing Fee 7/20/2016; Maricopa County Superior Court; Notice of Filing Notice of Removal - 55; kac; 1870898 | 6.00 |

**TOTAL COSTS AND EXPENSES**     **$406.00**

**TOTAL FEES AND COSTS**     **$2,555.50**

**EXHIBIT 2**



3200 N. Central Avenue, 20th Floor, Phoenix, AZ 85012

jaburgwilk.com

**Matthew T. Anderson**

mta@jaburgwilk.com
602.248.1077 - Direct Phone
602.248.0522 - Main Fax

June 29, 2016

Via E-Mail greg@pagecrs.com

Greg Page
P.O. Box 2318
Gilbert, Arizona 85299

David L. Allen
Matthew T. Anderson
Mark D. Bogard
Neal H. Bookspan
Mervyn T. Braude
Jason B. Castle
Roger L. Cohen
Beth S. Cohn
C. Cole Crabtree
Erick S. Durlach
Michael B. Dvoren
David N. Farren
Lauren L. Garner
Douglas O. Guffey
Aaron K. Haar
Laurence B. Hirsch
Amy M. Horwitz
Ronald M. Horwitz
Gary J. Jaburg
Janessa E. Koenig
Michelle C. Lombino
Kraig J. Marton
Nathan D. Meyer
Thomas S. Moring
Micalann C. Pepe
Mitchell Reichman
Laura A. Rogal
Kathi M. Sandweiss
Carissa K. Seidl
Jeffrey A. Silence
Maria Crimi Speth
Lawrence E. Wilk
Nichole H. Wilk

Re:   ADA Matters: 2706 E. University & 3592 S. Atherton Blvd.

Dear Greg:

Thank you for looking to Jaburg Wilk for legal representation. We are pleased to welcome you as a client of our firm. The relationship between lawyer and client is built on mutual trust, and we believe that it is helpful to such a relationship to have a clear understanding of each other's financial obligations. We have therefore adopted a policy requiring that a Fee Letter be in effect with all new clients. Please review this letter carefully and, if you agree to its terms, sign where indicated below. THIS IS AN IMPORTANT AND BINDING LEGAL DOCUMENT. IF YOU HAVE ANY QUESTIONS ABOUT WHAT YOUR RIGHTS AND RESPONSIBILITIES ARE, DO NOT SIGN.

   1.   Parties. The parties to this Fee Letter are Jaburg & Wilk, P.C. ("we" or "us") and Greg Page and the properties located at 2706 E. University Drive, Mesa, Arizona 85213 and 3592 S. Atherton Blvd., Gilbert, Arizona 85297 ("client" or "you"). If more than one individual or company is named as client, each of them is responsible for the full amount of our fees and costs.

   2.   Scope of Agreement. You have hired us to provide legal services in connection with the following matter: **Defense of ADA lawsuit.** Unless we have some other agreement, you authorize us to take all reasonably necessary actions to represent your interests in that matter. We are not obligated to represent you in any other matter, including any appeal, new trial or related case or transaction. If we are requested, and agree, to represent you in any other matter, we may require that you sign a new Fee Letter, but if there is no new Fee Letter, this Fee Letter will remain in effect

JABURG|WILK
Attorneys at Law

Greg Page
June 29, 2016
Page 2

and cover all matters in which we act as your lawyer.

3. <u>Payment of Fees and Costs</u>. You agree to pay us for our services, and to reimburse us for our out-of-pocket costs, in accordance with the following paragraphs.

4. <u>Legal Fees</u>. You will be charged and billed for fees on an hourly basis. In general, our billing rates run from $200 to $450 per hour for partners, $150 to $300 per hour for associates and $90 to $175 for legal assistants. *As discussed, I have agreed to work on your matter at $265.00 per hour.* We charge for all time spent performing services on your behalf, specifically including telephone conversations and meetings with you and others, e-mail and written correspondence, investigation and analysis of relevant legal and factual issues, drafting of pleadings, court filings and discovery papers, legal research, court appearances, preparation of contracts and legal instruments, and other tasks as appropriate in a particular matter. We occasionally adjust our billing rates to reflect increased expenses and other factors. When such adjustments are made, you will be billed at the revised rates.

5. <u>Costs</u>. You will reimburse us for all out-of-pocket costs ("costs") related to your matter. Costs include such items as court costs, service of process, travel expenses, investigative fees, photocopying, computer-assisted legal research, and expert witness fees. The amounts we charge for certain items, including in-house photocopying, will include overhead expenses and the cost of our administrative and clerical personnel, and will therefore exceed our actual direct expense. Any individual cost item greater than $150.00 may be forwarded to you for payment, and you agree to pay all such items directly to the billing party.

6. <u>Retainer</u>. *The retainer in this matter is $1,500.00.* We generally do not extend credit to our clients and may, from time to time, require you to provide additional security deposits or retainers, based upon your payment history, the nature and amount of services reasonably likely to be performed (for example, trial preparation and court proceedings), and other relevant factors. Any retainer not designated "earned on receipt," and any security deposit or other trust funds that we receive will be held in our trust account at Arizona Business Bank, which is a subsidiary of COBIZ bank and an affiliate of Colorado Business Bank. The FDIC insures qualified deposits at these banks up to $250,000.00 through December 31, 2016. The deposit insurance coverage limits refer to the total of all deposits that an accountholder has at each FDIC-insured bank. If you have deposits at Arizona Business Bank or Colorado Business Bank, including these trust funds, that exceed $250,000.00, the amount over $250,000.00 is not insured by the FDIC. If this is your situation, please notify us immediately.

7. <u>Billing and Payment Procedures.</u> Our charges will be set forth in periodic statements, which will submitted on a monthly basis or as we otherwise elect. All invoices will be due upon receipt and will become delinquent if not paid in full by the last day of the month in which the bill is sent. All delinquent amounts will bear interest at the rate of 1.5% percent per month.

JABURG|WILK
Attorneys at Law

Greg Page
June 29, 2016
Page 3

8.  **Assignment and Authorization for Payment.**  In the event that we are holding a retainer or other money or property received from you, or in the event we recover money or property on your behalf, we will be entitled to apply any such money or property against amounts due to us under this Fee Letter. We will be entitled, at the time a billing statement is sent to you, to the extent funds are available, to pay ourselves from funds in our trust account held on your behalf.

9.  **Obligation to Cooperate.**  Cooperation by the client is essential to the proper functioning of an attorney-client relationship and to the successful outcome of any legal matter. Accordingly, you will keep us advised of any change in your residence or business address, will appear upon reasonable notice for deposition and court appearances and will comply with all reasonable requests made to you for assistance in connection with your matter. In a litigation matter, your failure to cooperate may result in Court-imposed sanctions and our withdrawal from the case.

10. **Withdrawal from Representation.**  If you fail to comply with your obligations under this Fee Letter, we will have the right, on written notice to you, subject to applicable court rules, to stop work on your behalf and, in a litigation matter, to withdraw as counsel of record in any pending proceedings or litigation. If we move to withdraw from representation under this paragraph, you will need to hire substitute counsel or otherwise make suitable arrangements to be prepared for any pending trial or hearing, and you agree to do so. You will remain obligated to pay our fees and costs incurred up to the date of withdrawal and for additional fees and costs incurred in transferring the matter to substitute counsel.

11. **File Storage.**  We do not have sufficient storage facilities to store client files indefinitely. At the conclusion of any matter, we will return to you all papers and other materials provided by you, together with all of our hard-copy files relating to the matter. Unless otherwise agreed, all files and materials will be destroyed on or after the expiration of three years following the conclusion of the matter, without notice, and you expressly consent to such destruction. We may choose to preserve certain files and materials in electronic form, but are not obligated to do so.

12. **Notification of Disputes.**  If you disagree with any billing statement, you must notify us in writing within 30 days of the billing date. If you do not object within that time period, we will be entitled to assume that the statement is correct and the fees and costs charged are reasonable and owed by you.

13. **Attorney Fees.**  In the event of a dispute regarding a breach of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees (including the value of time expended by us) and costs.

JABURG|WILK
Attorneys at Law

Greg Page
June 29, 2016
Page 4

14. **Miscellaneous.** This Fee Letter will be binding on the named parties and their heirs, representatives, successors and assigns; however, neither party will be entitled to assign its rights under this Fee Letter, except that we will have the right to assign to a third party amounts you are obligated to pay us for fees and costs. This Fee Letter is governed by the laws of the State of Arizona, and any lawsuit of arbitration proceeding arising under this Fee Letter will be brought in Maricopa County, Arizona. This Fee Letter may be signed in counterparts.

Again, thank you for placing your confidence in our firm. If you are in agreement with the above terms, please sign where indicated below.

Sincerely,

JABURG & WILK, P.C.

*[signature]*

Matthew T. Anderson

MTA:kac

**I HAVE READ AND UNDERSTAND THE ABOVE FEE LETTER AND AGREE TO COMPLY WITH ITS PROVISIONS.**

Dated: 7-1-16

*[signature]*
Greg Page

Name (printed): Gregory Page

100-100-01525\MTA\KAC\2112022.1