Peter Strojnik, State Bar No. 6464
**Strojnik P.C.**
1st East Washington St.
Suite 500
Phoenix, AZ 85004

Fabian Zazueta, State Bar No. 032687
**Advocates for Individuals with Disabilities**
40 North Central Ave
Suite 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233
fabian@aid.org
2706EUniversityDr@aid.org
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Advocates for Individuals with Disabilities Foundation, Inc., | Case No. 2:16-cv-02412-DMF |
|---|---|
| Plaintiff, | (Removed from the Superior Court of Arizona, County of Maricopa, No. CV2016-006898) |
| v. | |
| Golden Rule Properties LLC, | **Response Memorandum in Opposition to Defendant's Application for Award of Attorneys' Fees and Related Non-Taxable Expenses** |
| Defendant. | |

Plaintiff, Advocates for Individuals with Disabilities Foundation, Inc., by and through undersigned counsel pursuant to Fed.R.Civ.P. 54(d) and Ariz.L.R.Civ. 54.2(f) hereby responds in Opposition to Defendant's premature demand for an award of attorneys' fees and costs. This Response is supported by the following Memorandum of Points and Authorities.

## Memorandum of Points and Authorities

### A. Background

This Action was filed in the Maricopa County Superior Court on Thursday, June 09, 2016, against Golden Rule Properties LLC ("Defendant"), alleging violations of/or negligent compliance with the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., and its Arizona counterpart, Arizona Revised Statute §§ 41-1492 et. seq., and applicable implementing regulations. (Doc 1). On 7/19/2016, Defendant, through counsel, removed this Action to this Court pursuant to 28 U.S.C. § 1441(a). (Doc 1). Plaintiff moved to dismiss its federal claim with prejudice and asked that the Court remand its remaining state law claim. (Doc. 7). On 7/29/2016 This Court granted Plaintiff's Motion to Dismiss and remanded this case to Arizona State Court. (Doc 9). In that same order this Court ruled that because "Plaintiff filed the instant motion within eight days of the date this action was removed, the Court concludes that Defendant would not be prejudiced and an award of attorney's fees and costs is not warranted." (Doc 9) Following the Order of this Court, Defendant submitted multiple filings on the topic of its attorneys' fees (Doc 10, Doc 11, Doc 12). Due to internal clerical error, Plaintiff failed to file a response to these filings. With no response filed, this Court ordered that Defendant shall be granted reasonable attorneys' fees and costs incurred in removing this matter. (Doc 14). As will be shown in this filing, no award of fees or costs would be reasonable under the circumstances and in light of controlling law.

### B. Defendants' Fees and Costs are Unreasonable

Defendant is identified in the caption as Golden Rule Properties, LLC. However, Defendant is obligated to prove that it has a binding contractual relationship with the firm

providing the services for which it seeks to recover in its Application. (Docs 15, 15-1) Defendant's Application fails to submit any agreement showing an attorney-client relationship. The Application errantly attaches a fee agreement between Jaburg Wilk and an individual identified as Greg Page or Gregory Page. (Doc 15-1 Exh.2). By failing to show the most basic of attorney-client contractual relationship between the firm performing the work and the named Defendant, the Application fails to meet the burden of Fed. R. Civ. P. 54(d)(1), that Defendant is the "prevailing party," and the burden of Fed. R. Civ. P. 54(d)(2)(B)(iv) that Defendant disclose "the terms of any agreement about fees for the services for which the claim is made."

Even if this Court determines that there is a contractual relationship between the named Defendant and the firm performing work in this matter, Defendant's Declaration in support of its Application for Attorneys' fees (Doc 15-1) contains numerous lapses in "billing judgment" as required by Ariz.L.R.Civ. 54(d)(4)(C). The affiant of that declaration, Matthew T. Anderson, swears that he is best suited to issue the declaration, and that his eight years of experience is justifiably compensated by a rate of $265.00 per hour. Yet the statement of actual work performed reveals that attorney Aaron K. Haar performed the majority of the work in this matter. Mr. Haar is in the best position to make the appropriate declaration.

The Declaration claims that $220.00 per hour of Mr. Haar's work performed is a reasonable rate for the majority of the billed time. The Declaration misleads the Court by stating that Mr. Haar "has been with the firm for three years…" (Doc 15-1 p.2 ln.2). The goal of this statement is to suggest that Mr. Haar has over three years of experience as a practicing attorney. In reality, Mr. Haar has only two full years of experience following his

initial admission to the Arizona State Bar. Furthermore, the billing rates show a billed rate for a two-year attorney at nearly the same amount as the eight-year affiant attorney. To award an amount near eight-year attorney rates for the work of a two-year junior associate would be unreasonable. The declaration's misrepresentations and unreasonable demands betray the strict requirements of Ariz.L.R.Civ. 54.2.

The Declaration, as required, stated that duplicative time was eliminated from its request for fees and costs. (Doc 15-1 p.3 ln.27-28). However, the statement of time is rife with duplicate entries including a telephone call and two-attorney discussion on July 18, 2016, duplicate work on the motion for reconsideration, and duplicate work on the "fee application, declaration, and exhibits." (Doc 15-1 Exh.1 p.1).

The Application also shows a lack of billing judgment by creating unnecessary and excessive time entries following the dismissal and remand of this case. The majority of all time billed and all fees demanded in the Application is the result of work performed after dismissal with the intention of running up billed hours to increase Defendant's unreasonable demand for fees. While the two attorneys together were able to draft a full Response to Motion to Dismiss in 0.6 hours, it surprisingly took 4.5 hours to draft the Application. The majority of the fees demanded within that Application are for work performed after remand and approximately half of all fees are for the Application alone ($1,017.00). This type of excessive billing following an award in Defendant's favor shows a lack of billing judgment required by the local rule.

If an award of fees is granted, it should award only Mr. Anderson's time, not Mr. Haar's duplicate time billed at unreasonable rates, should award time related to the substantive work necessary in this court, should limit an award to time entries before the

case was dismissed and remanded on July 29, 2016. Thus, the qualifying time entries on July 18, 2016 and July 19, 2016 total **$265.00**.

### C. Fees and Costs Incurred are not Recoverable

Despite Plaintiff's errant failure to respond to Defendant's Motions for Reconsideration seeking fees (Docs 10, 11, 12), the law does not support an award of fees and costs to Defendant for its choice to remove this action to Federal Court, Plaintiff's exercise of its right to dismiss Federal Claims, or for work created solely by Defendant's own filings following dismissal and remand. <u>It is an abuse of discretion to award fees and costs against a party that dismisses federal claims</u>, even where it is done simply because the plaintiff seeks to avoid federal court. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). The Court in *Baddie* reasoned that a defendant who removes a case to federal court and incurs costs and fees in doing so is not entitled to fees upon remand because the defendant's "expense…is proximately caused by the plaintiffs' subsequent action rather than by the removal itself," *Id.* Such an expense "is not 'a result of the removal,' and therefore is not authorized under section 1447(c)." *Id.* Defendant in this case was not obligated to remove; rather, there is the choice either to submit to state court resolution of his claims, or to assert a right to a federal forum. *See also Glover v. Borelli's Pizza, Inc.*, 886 F. Supp. 2d 1200, 1202 (S.D. Cal. 2012) (finding that plaintiff's motion to amend complaint to drop federal-law claims in ADA compliance case soon after removal, and motion for remand based on consequent lack of subject-matter jurisdiction, "did not constitute manipulative tactics," citing *Baddie*).

The 9th Circuit confirmed that while the award of fees to an ADA plaintiff is appropriate, it is not appropriate to a defendant unless the action was frivolous,

unreasonable or without foundation. *Kohler v. Bed Bath & Beyond of Cal.*, LLC, 780 F.3d 1260, 1266 (9th Cir., 2015). "The ADA allows a 'prevailing party' its fees. 42 U.S.C. § 12205. But while prevailing plaintiffs regularly recover their fees, 'policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.'" *Kohler* at 1266 *citing Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 418–19, 98 S.Ct. 694 (1978).

Not only does Plaintiff's original Complaint satisfy the low threshold from *Kohler* of not being "frivolous, unreasonable or without foundation," but Plaintiff's causes of action are anticipated to be successful at trial. The Arizona Superior Court is anticipated to issue declaratory and injunctive rulings on this case with an award of fees for Plaintiff. An award of fees for Defendant at this early stage would be inconsistent with 42 U.S.C. §12205, caselaw, and anomalous with the final outcome of this case. Courts often examine whether an award of attorney fees or costs as a term and condition of voluntary dismissal would yield an inconsistent result with respect to statutes controlling the issue of fee awards to a prevailing party; where the imposition of attorney fees or costs would produce an "anomalous result" if a defendant could not recover fees if they prevailed at trial, then such factors weighs strongly against such an award. *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 920-21 (9th Cir. 1989); *Williams v. Peralta*, 227 F.R.D. 538, 540 (N.D. Cal. 2005).

Based on the overwhelming weight of legal precedent on the subject, it would be an abuse of discretion for a court to award Defendant the fees or costs in the Application. Not only are the fees requested unreasonable, but Defendant is not entitled to fees or costs for its election to remove the matter from state court to federal jurisdiction on a matter arising

from the defense of Plaintiff's ADA civil action. An award of fees or costs would produce an anomalous result with this action because Defendant could not recover fees if it prevailed at trial and Plaintiff is the party entitled to fees at the resolution of the case.

### D. Conclusion

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this court deny Defendant's Application for Award of Attorneys' Fees and Related Non-Taxable Expenses. Plaintiff furthermore requests an award of fees for the burden of responding to the Application which was without merit and unsupported by relevant law.

RESPECTFULLY SUBMITTED September 9th, 2016.

**STROJNIK P.C.**

Peter Strojnik (6464)
Attorneys for Plaintiffs

*Certificate of Service*

I hereby certify that on this 9th day of September, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jaburg & Wilk, P.C.
Matthew T. Anderson
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
mta@jaburgwilk.com

/s/ Sydney Rogers