**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golden Rule Properties, LLC, <br><br> Defendant. | Case No. 2:16-cv-02412-SPL <br><br> **DEFENDANT'S REPLY IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEY FEES AND RELATED NON-TAXABLE EXPENSES** |

Defendant Golden Rule Properties, LLC ("Golden Rule"), hereby, files its Reply in Support of Application for Award of Attorney fees and Related Non-Taxable Expenses. The arguments in Plaintiff's Response exemplify the frivolity of Plaintiff's litigation antics. And Plaintiff's untimely response has waived any substantive argument as to the Motion for Reconsideration. By failing to respond, Plaintiff consented to the facts alleged in the Motion for Reconsideration and to the request for attorneys' fees. Plaintiff's alleged "clerical error" does not excuse its failure to respond and, in any event, is irrelevant to its response to the fee application. Although Plaintiff's Response most likely does not justify a reply, Golden Rule files this Reply—in an abundance of caution—to reassure the Court as to the propriety of a fee award. This Motion is supported by the following Memorandum of Points and Authorities and an amended Declaration of Matthew T. Anderson ("Amended Dec.") to account for the expenses incurred in this Reply and to address certain of Plaintiff's allegations.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. GOLDEN RULE REMAINS ENTITLED TO AN AWARD OF FEES AND COSTS.

### A. Plaintiff Waived Its Substantive Arguments Regarding (or, Alternatively, Is Estopped from Disputing) the Propriety of Fees & Costs.

Golden Rule filed its Motion for Reconsideration on August 3, 2016. (Doc. 12). The next day, the Court ordered Plaintiff to respond to the Motion for Reconsideration no later than August 17, 2016. (Doc. 13). Despite this ample opportunity to oppose the Motion, Plaintiff declined to do so.

On August 19, 2016, having received no opposition from Plaintiff, the Court granted the Motion and held that Golden Rule was entitled to recover its fees and costs. (Doc. 14). The Court required that Golden Rule file its statement of attorney fees and costs no later than August 25, 2016. (*Id.*) Thus, Golden Rule undertook the expense of preparing and filing its fee application—which it filed, as required, on August 25, 2016. (Doc. 15). Then, on September 9, 2016, Plaintiff filed a response to Golden Rule's fee application, asserting arguments concerning both the Motion for Reconsideration and the reasonableness of fees and costs. (Doc. 16).

Under LRCiv. 7.2(i), failure to timely respond to a motion "may be deemed a consent to the . . . granting of the motion and the court may dispose of the motion summarily." The Court deemed Plaintiff's failure to respond to the Motion for Reconsideration its consent and, accordingly, granted the Motion. Plaintiff, therefore, waived its argument on the Motion for Reconsideration. Then, in reliance on the Court's Order and Plaintiff's deemed consent, Golden Rule incurred the expense of preparing and filing a fee application. Because Golden Rule incurred the expense in reliance on Plaintiff's consent to the Motion for Reconsideration, Plaintiff should also be estopped from disputing the Motion.

Plaintiff now attempts to reargue the issues in the Motion for Reconsideration. It claims, without any further explanation, that the failure to respond was due to "clerical error." But such a claim does not constitute good cause to reverse the Court's Order.

2

1 Plaintiff's counsel has chosen to pursue nearly 2,000 lawsuits. The burden of their
2 inability to keep them all organized should not fall on the courts or the targets of their
3 lawsuits. But that is exactly what Plaintiff's counsel asks the Court to do.

### B. Plaintiff's Bad Faith Actions Justify an Award of Fees and Costs.

The parties to a lawsuit have an affirmative duty to work together to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of that obligation, and based on experience with Plaintiff and its attorneys in prior cases, counsel for Golden Rule reached out to opposing counsel to determine Plaintiff's intent concerning its federal claim in attempt to avoid the unnecessary expense and delay of the removal-remand procedure. (See Doc. 12). Plaintiff's counsel advised, in no uncertain terms, that Plaintiff was moving forward with both federal and state claims, notwithstanding any efforts to remove. (*Id*.) Golden Rule then removed the action, and Plaintiff immediately moved to dismiss its federal claim. (*Id*.) The only intervening occurrence in the time between Plaintiff counsel's misrepresentation and efforts to dismiss the federal claim was the imposition of fees and costs on Golden Rule. Plaintiff's counsel deliberately conveyed inaccurate information with no purpose other than to drive up costs. Plaintiff argues it was entitled to dismiss its federal claim for strategic reasons, and it was only exercising its right to do so. However, when those "strategic reasons" are solely for the purpose of imposing unnecessary costs and fees on its opponent, such abusive action is directly contrary to our system of justice.

Plaintiff cites to *Baddie v. Berkeley Farms, Inc*. to argue that fees are not awardable to defendants. (Doc. 16, p. 5). The issue in *Baddie* was simply whether it is improper for a plaintiff to dismiss a federal claim upon removal for the purpose of returning to state court—and whether fees are properly awarded in that instance. 64 F.3d 487, 489 (9th Cir. 1995). And *Baddie* does indeed provide that, generally, a plaintiff's strategic dismissal of a federal claim to return to state court, alone, is not an improper action. *Id*. at 491.

3

In *Baddie*, the district court ruled the defendant was entitled to fees and costs because the plaintiff improperly pled a federal claim, which the plaintiff dismissed upon removal. *Id*. The Ninth Circuit disagreed, recounting that plaintiffs have a right to plead their federal claims in state court and that defendant can agree to do so or seek to remove the case—at which point the plaintiff can agree to litigate in federal court or dismiss and return to state court. *Id*. The court explained there was nothing inherently improper about such an interaction. *Id*. The court indicated that, in that instance, where removal and remand are proper, the expenses later imposed by dismissal of the federal claim were not "incurred as a result of the removal." *Id*. at 490. Thus, the court concluded, an award of fees and costs were not justified in that instance. *Id*.

However, *Baddie* still recognizes that when a plaintiff inappropriately induces a defendant to remove the case for the purpose of imposing the expense and delay of removal and remand, fees and costs under 1447(c) may be properly awarded. *Id*. The court explained that if the state court later finds that the federal claims were included in bad faith or for the purpose of putting defendants through the removal-remand procedure, the court *should* sanction the plaintiffs. *Id*. at 490 n.3.[1] But, under the facts of *Baddie*, the district court had found no bad faith action other than plaintiff's dismissal of the federal claim upon removal. *Id*. There was no prior communication or misrepresentation between the parties, as occurred here. Indeed, the court expressly stated that it leaves for another day the question of whether a plaintiff misleading the defendant as to removal might be required to bear the costs of removal. *Id*. at 490 n.1. Ultimately, the court held the award of fees was not justified because the district court had not found that plaintiff's actions were frivolous or in bad faith. *Id*. at 491.

---

[1] Although the argument is not made herein, Plaintiff recently suggested (in another case) that *Baddie* held the state court was the proper forum to determine if sanctions are appropriate under § 1447(c). However, it appears the *Baddie* Court only remarks that "the state court should sanction plaintiffs on remand" because the case had already progressed back to state court, and the district court had failed to inquire as to bad faith. The court's comment in that footnote was more of a practical consideration based on the underlying posture of that case.

Based on *Baddie*, courts in the Ninth Circuit have found that strategically dismissing federal claims is not inherently manipulative unless there is reason to believe the plaintiff acted for the purpose of putting the defendants through the removal-remand procedure. *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, CV 10-217-PHX-JAT, 2010 WL 3239481, at *3–4 (D. Ariz. Aug. 16, 2010) (citing *Popov v. Countrywide Financial Corp.,* No. CIV 09–2780 GEB EFB PS, 2009 WL 5206679, at *3 (E.D. Cal. Dec. 18, 2009)); *Garcia v. Orion Plastics Corp.*, __ F. Supp. 3d __, 2016 WL 2904853, at *4 n.2 (C.D. Cal. May 18, 2016) ("[A] plaintiff's decision to dismiss his federal claim and seek remand 'need not be discouraged unless there is reason to believe that the inclusion of the federal claims was to put the defendants through the removal-remand procedure.'") (quoting *Moyles v. Johnson Controls, Inc.*, No. CIV. S05885, 2005 WL 1561519, at *2-4 (E.D. Cal. June 29, 2005)).

The U.S. Supreme Court has since held that, despite the general rule that an award of fees under § 1447(c) are typically not granted if the initial removal was proper, certain circumstances may warrant a departure from this typical rule. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 126 S. Ct. 704, 711 (2005). The Supreme Court stated that "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 141, 126 S. Ct. 704, 711. The Court held that district courts have ultimate discretion in determining whether the circumstances justify an award of fees. *Id*.

This is precisely the type of case where an award of fees and costs to defendant would be appropriate. Plaintiff did not simply plead a federal claim, as was the case in *Baddie*. Plaintiff's counsel deliberately conveyed inaccurate information, again, with no purpose other than to drive up costs. Plaintiff's and its attorneys' *pre*-removal misrepresentation induced Golden Rule to incur the costs of removal for naught. Plaintiff and its attorneys have widely employed such tactics to maximize its opponents'

5

expenses, making it more expensive to resist than to succumb to Plaintiff's extortionate and unjustified settlement demands.[2]

Golden Rule previously argued that such bad faith tactics produce an unjust result and that an award of fees and costs would be appropriate under the circumstances—both to discourage such gamesmanship and to put Golden Rule back where it would have been if not for Plaintiff's attempt to impose unnecessary costs and delay. Plaintiff failed to respond to Golden Rule's Motion for Reconsideration, and the Court granted the Motion, construing Plaintiff's failure to respond as Plaintiff's consent to the Motion. Thus, Plaintiff should be deemed to have consented to the argument that its actions were taken in bad faith and for improper purposes. Plaintiff should not be allowed to contest any factual matter presented in the Motion for Reconsideration. And, despite the Court's Order granting the Motion, Plaintiff still did not appear to contest the ruling in any way. It was not until Golden Rule incurred yet further expenses in assembling its fee application that Plaintiff finally decided to register its objection.

Perhaps most telling is that Plaintiff's belated arguments do not even dispute that its actions, including the misrepresentation, were taken in bad faith—only that the requested fees are unreasonable and that defendants have a right to dismiss their federal claim to return to state court. But, even if Plaintiff were to dispute that its actions were taken in bad faith, it has waived its opposition and, alternatively, should be estopped from asserting arguments to the contrary.

Therefore, an award of fees and costs incurred as a result of removal is just and appropriate under the circumstances.

---

[2] The Arizona Attorney General's Motion to Intervene and Consolidate in Superior Court indicates the State intends to, *inter alia*, challenge Plaintiff's standing and seek sanctions for Plaintiff's abusive practices, including for unnecessarily imposing the removal-remand procedure. *See* State's Motion to Intervene, *AID v. 1639 40th Street, LLC*, CV2016-090506 (Maricopa Cty Super. Ct. Aug. 24, 2016). Moreover, Plaintiff's exact same tactics in another lawsuit were recently found to be in bad faith, and Plaintiff was ordered to pay fees and costs incurred in removal. *See* Order (dkt. 21), *Advocates for Individuals with Disabilities Foundation, Inc. v. Sun West Dental Props., LLC*, No. 2:16-cv-02416-JJT (D. Ariz. Sep. 15, 2016).

6

## II. PLAINTIFF'S ARGUMENTS AS TO THE REASONABLENESS OF FEES ARE UNFOUNDED.

### A. Golden Rule Has a Binding Agreement with Counsel

Plaintiff's counsel begins with the bizarre argument that Golden Rule has failed to establish that it has a contractual relationship with its counsel. (Doc. 16, p. 2). As support for this argument, Plaintiff claims that the agreement attached to the fee application concerns a "Greg Page" as opposed to the Defendant "Golden Rule Properties, LLC." (*Id.*) The argument is absurd.

The attached fee agreement clearly states that representation concerns "[d]efense of ADA lawsuit" and lists the relevant address at issue—2706 E. University Drive, Mesa, Arizona 85213. (Doc. 15, Ex. 1). Plaintiff's counsel is undoubtedly aware that this agreement concerns the property at issue because the Verified Complaint, in fact, lists 2706 E. University Drive, Mesa, Arizona 85213 as the intended target of the lawsuit. (Doc. 1, Verified Complaint ¶ 2). Moreover, Plaintiff has created property-specific email addresses for its multitude of lawsuits that Plaintiff includes in the caption of each case. Thus, the property-specific email address (2706EUniversityDr@aid.org) is actually on the first page of the very briefing where Plaintiff's counsel argues the agreement doesn't concern the case/property at issue. (Doc. 16, p. 1).

The individual listed on the agreement, Greg Page, is the property manager for Golden Rule. Had Plaintiff's counsel truly been confused, he also would have found that Mr. Page is listed as the statutory agent for Golden Rule Properties, LLC on the Arizona Corporation Commission website. *See* Search Result: Golden Rule Properties, LLC, File No. L15896258, Arizona Corporation Commission, *available at* http://ecorp.azcc.gov/Details/Corp?corpId=L15896258. Interestingly, Plaintiff's "Parking Inspection Report" for the property, which *Plaintiff* provided to counsel for Golden Rule, includes the print-out from the Arizona Corporation Commission website. And, of course, the billing statement attached to the fee application identifies the current

7

1 case as the one at issue and includes Greg Page as the contact for Golden Rule. (Doc.
2 15, Ex. 1).
3       Thus, Plaintiff's argument that there is no agreement between Golden Rule and
4 its counsel is entirely frivolous.

**B.    There Were No "Lapses in Billing Judgment" in the Fee Application.**

      Plaintiff's counsel next strangely argues against the efficiency and savings that directly inure to Plaintiff's benefit. First, he complains that most of the work was done for less money by an attorney who bills less than the lead attorney on the case. (Doc. 16, p. 3). But this claim cuts *against* Plaintiff's suggestion that there were lapses in billing judgment. Delegating responsibilities to an attorney with a lower billing rate saves clients' money—and, by extension, here, saves Plaintiff money.

      Plaintiff alleges that Golden Rule's counsel "misleads the Court" based on the statement that the associate on this case, Aaron Haar, "has been with the firm for three years." (*See* Doc. 16, p. 3). Plaintiff claims that "[t]he goal of this statement is to suggest that Mr. Haar has *over* three years of experience as a practicing attorney." (*Id.*) (emphasis added). But Plaintiff is attempting to attribute more to the statement than can reasonably be attributed. It was never suggested that Mr. Haar had *over three years* of experience as a practicing attorney. Rather, Mr. Haar has, in fact, been with the firm for three years. While awaiting bar results, he began practicing with the firm as a law clerk in 2013. He then became licensed and was admitted to the bar in early December of 2013 (two years and nine months ago). Thus, Plaintiff intentionally misconstrues the statement in attempt to undermine Golden Rule's fee request. But, as with Plaintiff's other arguments, the claim is unfounded and unreasonable.

      Plaintiff then alleges that Mr. Haar's billing rate "as a two-year attorney" is unreasonable. The only argument Plaintiff makes in support is that the rate is nearly the same as "the eight-year affiant attorney." (Doc. 16, p. 4). But this statement ignores the declaration that the undersigned is charging a discounted rate for these serial ADA claims. The undersigned attorney's typical billing rate is $300 per hour—and has been

1 discounted here to $265 per hour. (Doc. 15, Exh. 1). Even at Mr. Haar's standard billing
2 rate of $220 per hour, the lead attorney's discounted rate remains more than 20%
3 higher. Ultimately, the net effect of the lead attorney's discounted rate along with
4 delegation of work to the lower-billing associate attorney is a significantly reduced bill
5 for Golden Rule—and, thus, for Plaintiff.

6 Plaintiff also argues duplicative time was not eliminated from Golden Rule's
7 request for fees and costs. (Doc. 16, p. 4). As support, Plaintiff suggests "a telephone
8 call and a two-attorney discussion on July 18, 2016," "work on the motion for
9 reconsideration," and "work on the 'fee application, declaration, and exhibits'" should
10 have been eliminated. (*Id.*) Initially, the "telephone call" on July 18, 2016 was not a
11 single telephone call. The attorneys for Golden Rule each fielded a separate phone call
12 from Plaintiff's counsel, Fabian Zazueta, that day. Both billing attorneys have never
13 been on the same phone call with Plaintiff's counsel. *See* Amended Dec. ¶ 17.

14 As for the "two-attorney discussion," the brief amount of time was properly
15 spent strategizing and evaluating procedural options in light of Plaintiff's
16 gamesmanship. And, as for the efforts in preparing the motion for reconsideration and
17 the fee application, none of the work was duplicative. Whenever possible, the
18 undersigned attorney delegated research and drafting to the lower-billing associate. The
19 undersigned would then evaluate the draft and make changes as necessary. Ultimately,
20 the charges for these tasks were far lower than they would have been if the undersigned
21 had undertaken the tasks himself. *Id*.

22 Plaintiff's counsel next argues that the time entries demonstrate Golden Rule is
23 trying to maximize its fee recovery by billing more for tasks post-Motion to Dismiss.
24 (Doc. 16, p. 4). For support, Plaintiff argues the full response to the motion to dismiss
25 (the Motion for Reconsideration) only took Golden Rule's counsel 0.6 hours, while the
26 fee application took 4.5 hours. (*Id.*) As the Court may be aware, Plaintiff has employed
27 the exact same tactic of inducing removal-remand to impose fees/costs in many other
28 lawsuits, including another before this Court. *See, e.g.*, *Advocates for Individuals with*

9

1 *Disabilities Foundation, Inc. v. Williamsfield & Higley LP*, Case No. 2:16-cv-02457-SPL (D. Ariz. 2016). Because Golden Rule's counsel was able to split time among various other lawsuits, they were able to produce Golden Rule's briefing in response to Motion to Dismiss (the Motion for Reconsideration) at a significantly reduced cost. Here, again, the efficiency of Golden Rule's counsel inures to the benefit of Plaintiff. As for the fee application, 4.5 hours is reasonable considering the substantial content and supporting documentation required by LRCiv. 54.2.[3]

Therefore, the billed time and rates are reasonable, and an award of all Golden Rule's fees and costs would be reasonable.

## III.   CONCLUSION

For the foregoing reasons, and consistent with the Court's August 19, 2016 award of fees and costs, Defendant Golden Rule Properties, LLC respectfully requests the Court award its original request for attorney fees of **$3,901.50**, and its related non-taxable expenses of **$406.00**.

RESPECTFULLY SUBMITTED this 16th day of September, 2016.

**Jaburg & Wilk, P.C.**

/s/  Matthew T. Anderson
Matthew T. Anderson
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant

---

[3] On the initial fee application, Golden Rule was only able to split time with one other case, which is currently before this Court. However, because Plaintiff only filed an Opposition to the fee application in the current case, the time spent on the Reply appears to be longer than the time spent on the initial application—but that is not the case.

**Certificate of Service**

I hereby certify that on this 16th day of September, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik, Esq.
STROJNIK P.C.
1 East Washington Street, Suite 500
Phoenix, Arizona 85004
ps@strojnik.com

Fabian Zazueta, Esq.
Advocates for Individuals with Disabilities
40 North Central Ave, Suite 1400
Phoenix, AZ 85004
Telephone: (774) 768-2233
fabian@aid.org

Attorneys for Plaintiff


/s/ Kelli Cunningham