**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Matthew T. Anderson (025934)
mta@jaburgwilk.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golden Rule Properties, LLC, <br><br> Defendant. | Case No. 2:16-cv-02412-SPL <br><br> **AMENDED DECLARATION OF MATTHEW T. ANDERSON IN SUPPORT OF DEFENDANT'S APPLICATION FOR ATTORNEY FEES AND RELATED NON-TAXABLE EXPENSES** |

I, Matthew T. Anderson, declare as follows:

1. I am a licensed practicing attorney within the State of Arizona and am a partner with the law firm of Jaburg & Wilk, P.C. (the "Law Firm"). I represent the Defendant, Golden Rule Properties, LLC ("Golden Rule") in this matter, and this Declaration is made of my own personal knowledge and is submitted in support of Defendant's Motion for Award of Attorney Fees and Related Non-Taxable Expenses.

2. I have practiced in the area of commercial litigation, including hospitality defense and complex litigation, in both state and federal courts in Arizona. I have extensive experience in ADA-related cases. I have been practicing law for more than eight years, and I am in good standing with the Arizona Supreme Court and Arizona State Bar, and maintain a good reputation in the legal community. The Court can learn more about my background from the information at my firm's website, http://www.jaburgwilk.com//our-people/matt-anderson.

3. Mr. Aaron Haar is an associate attorney who worked on this matter. He has been with the firm for three years, and is licensed and in good standing with the Arizona Bar. More can be learned about Mr. Haar here: www.jaburgwilk.com/our-people/aaron-k-haar.

4. The Law Firm was retained by Golden Rule to represent it in this matter pursuant to an hourly fee agreement, whereby the Law Firm agreed to perform legal services in consideration for fees and costs to be charged and paid in accordance with the Law Firm's normal rates and billing procedures. Due to the nature of these ADA lawsuits, I agreed to perform legal services under the fee agreement at a discounted rate. All fees and costs incurred in the above-captioned litigation were billed pursuant to this fee agreement. A copy of this fee agreement as signed by Golden Rule is attached as "***Exhibit 2***."

5. My discounted billing rate, and the usual and customary billing rates for the other attorneys who worked on this case, were established by agreement between the Law Firm and Golden Rule by taking into account each of our experiences and training.

6. The attorneys working on this case charged the following hourly rates:

Matthew T. Anderson (MTA)        $265
Aaron K. Haar (AKH)              $220

7. Each of these attorneys was qualified and, in my opinion, competent to perform the services listed.

8. In addition, the Law Firm utilized full time, experienced legal secretaries, administrative professionals, and paralegals in this matter to perform certain tasks that did not require the skills of an attorney and were not charged to the client.

9. The specific task-based itemized statement of fees and expenses incurred in the representation of Golden Rule is attached hereto as "***Exhibit 1***" and reflects that the time spent and expenses incurred were reasonable and necessary under all circumstances and allegations presented in this action.

2

10. Exhibit 1 is a true and correct copy of Golden Rule's itemized and detailed statement of attorney fees and related non-taxable expenses incurred in removing this matter on behalf of Golden Rule. I have personal knowledge that all fees and non-taxable expenses as described herein and in Exhibit 1 were reasonably and necessarily incurred under the circumstances in this matter.

11. In regard to attorney fees, and pursuant to LRCiv 54.2(e)(1), Exhibit 1 identifies dates of service, itemized descriptions of services rendered, identity of the attorney furnishing each service, hours billed for those services, and the hours and correlating amounts for which Golden Rule is seeking an award.

12. The fee hours set forth in Exhibit 1 are accurate and Golden Rule has paid the amounts listed or is liable to pay the amounts listed.

13. The fees set forth in Exhibit 1 are based upon individual timesheets maintained by the attorneys involved in this case on a daily basis and entered into a fee and cost tracking computer program where the data is stored and bills are thereafter rendered to the client on a monthly basis, with each bill providing descriptions of the work performed and the charges and costs incurred for the month. These practices and procedures are standard to the Law Firm and are within its normal business practices.

14. I am familiar with the rates for similar services in the Phoenix area and, in my opinion, the hourly rates and fees charged by the Law Firm to Golden Rule in connection with this matter were reasonable and comply with E.R. 1.5 of the Arizona Rules of Professional Conduct. Moreover, the time spent by each timekeeper was reasonable and not a duplication of effort. In my opinion, no time spent on this matter was unreasonable, imprudent, or unnecessary.

15. We have calculated Golden Rule's awardable attorney fees to be **$3,901.50**, and its related non-taxable expenses to be **$406.00**. (See Exhibit 1).

16. In accordance with LRCiv 54.2(d)(4)(C), we have endeavored to eliminate time that may be misconstrued as unnecessary, duplicative, excessive, or otherwise unawardable. The billings at Exhibit 1 also reflect "no-charge" items for services that

1  were performed but not billed to client and thus are not sought in the Motion for award
2  of fees and costs. Accordingly, we have exercised good "billing judgment" in our time
3  entries throughout this litigation as required by LRCiv 54.2(d)(4)(C).

4       17.   In response to additional allegations Plaintiff raises in its opposition to the
5  fee application: The "telephone call" on July 18, 2016 was not a single telephone call;
6  Mr. Haar and I each fielded a separate phone call from Plaintiff's counsel on that date;
7  We have never been on the same phone call with Plaintiff's counsel. Moreover, the
8  "two-attorney discussion" was a brief but necessary strategy meeting that was properly
9  spent strategizing and evaluating procedural options in light of Plaintiff's continued
10 gamesmanship. Whenever possible, I have delegated research and drafting to Mr. Haar,
11 and I then evaluate the draft and make changes as necessary. I believe the charges for
12 these tasks were far lower than they would have been if I had completed them all
13 myself.

       I declare the foregoing to be true and correct under penalty of perjury.

       DATED this 16th day of September, 2016.

                                              **Jaburg & Wilk, P.C.**

                                              /s/ Matthew T. Anderson
                                              Matthew T. Anderson
                                              3200 N. Central Avenue, 20th Floor
                                              Phoenix, AZ 85012
                                              Attorneys for Defendant