IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Golden Rule Properties, LLC,<br><br>　　　　　Defendant. | No.  CV-16-02412-PHX-SPL<br><br>**ORDER** |

　　　　Before the Court is Defendant Golden Rule Properties, LLC's Application for Award of Attorney fees and Related Non-Taxable Expenses (Doc. 15). As follows, the application will be granted.

　　　　On June 9, 2016, Plaintiff Advocates for Individuals with Disabilities Foundation Incorporated ("AID") filed suit against Defendant Golden Rule Properties, LLC ("Golden Rule") in the Maricopa County Superior Court, Case No. CV2016-006898. In Count One of the Complaint, AID claims violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and in Count Two, AID claims violations of the Arizonans with Disabilities Act, Ariz. Rev. Stat. § 41-1492 *et seq*. (Doc. 1-1.)

　　　　On July 18, 2017, counsel for Golden Rule informed AID and its counsel in writing that it intended to remove four cases in which AID pleaded federal ADA claims, including the instant. (Doc. 12 at 11-17.) A series of discussions ensued, during which Golden Rule sought to confirm whether AID intended to litigate both federal and state

law claims, and requested that should AID intend to dismiss its federal claim on removal, that it instead voluntarily dismiss the claim in state court in order to avoid the unnecessary expense and delay of removal and remand.[1] AID ultimately advised that it intended to pursue its federal claim.[2] Golden Rule promptly removed the case to federal court on July 19, 2016. (Doc. 1.) And, in spite of its representation that it intended to pursue its federal claim, eight days later, on July 28, 2016, AID moved to dismiss its federal claim and to remand this case to state court. (Doc. 7.)

The Court granted AID's motion to dismiss and remand, and Golden Rule moved for reconsideration, seeking attorneys' fees and costs. (Doc. 12.) AID was called to respond to the motion (Doc. 13), but no response was filed. Reconsidering its prior order, the Court granted the request to recover fees and costs incurred as a result of removal, and directed Golden Rule to file a statement of attorneys' fees and costs. (Doc. 14.) Golden Rule did so (Doc. 15), and AID filed a response (Doc. 16) opposing the amount

---

[1] Golden Rule's letter stated in part:

> As you know, this letter follows your prior actions in numerous other cases of dismissing the federal claim immediately upon removal, a decision that has wasted significant time and money. You stated that, for strategic reasons, you intend to dismiss the federal claim in all other lawsuits to remain in state court. In reliance on this representation, we will tentatively forego removing the above-referenced cases to avoid unnecessary fees and costs. However, if you do not soon prepare the stipulations or if we do not hear from you shortly, we will understand such action/inaction as indication you intend to pursue the federal claim - and we will remove the cases in reliance on such.

(Doc. 12 at 11.)

[2] In an email to defense counsel, counsel for AID stated:

> This email is to confirm our conversation. Outside counsel and my client cannot dismiss the federal claims for your new cases. They will address this issue at some later date, but as of now, we intend on pursing our causes of action under AzDA and ADA.

(Doc. 12 at 14.)

2

of recovery requested, and objecting to the award itself.[3] Golden Rule filed a reply. (Docs. 17, 18.)

Section 1447(c) permits district courts to assign "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" against either party if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). *See Micrometl Corp. v. Tranzact Technologies, Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) ("we see no party-based limitation in § 1447(c) on a district court's discretion to award fees and costs"); *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 n. 2 (9th Cir. 1995) (section 1447(c) authorizes an award of fees or costs against a plaintiff). The statute provides district courts with limited discretionary authority to assign payment in instances where "such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). In exercising its "discretion to consider whether unusual circumstances warrant" an award under § 1447(c), the Court looks to the "reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This determination is guided by the purpose of the provision - to deter removals that are pursued for the purpose of "prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140-141. It must observe plaintiffs' rights to strategically "choose between federal claims and a state forum" without fear of being penalized, while also avoiding deterring defendants from proper removals. *Baddie*, 64 F.3d at 491. *See also Martin,* 546 U.S. at 140.

Here, an award is just. AID's decision to dismiss its federal claim following removal was not a "straight-forward tactical decision" of choosing the state forum over its federal claim following removal. *Baddie*, 64 F.3d at 491. Rather, the decision of AID and its counsel to advise defense counsel that it intended to pursue its ADA claim, only to then promptly move to dismiss it after removal, was a bait-and-switch maneuver aimed at

---

[3] To the extent AID challenges whether fees and costs should be awarded under § 1447(c), as observed by Golden Rule, those arguments should have been presented in response to the motion to reconsider as called for by the Court, but were not - apparently due to some unspecified "clerical error." Given the limited application of § 1447(c) however, the Court addresses those objections.

"prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140.[4] The finding that AID intended to mislead and manipulate opposing counsel is reinforced by the fact that this is not an isolated instance; AID has an established practice of misleading opposing counsel. *See e.g., Advocates for Individuals with Disabilities Foundation Incorporated v. Golden Rule Properties LLC,* Case No. CV-16-02413-PHX-GMS, 2016 WL 5939468 at *4-6 (D. Ariz. Oct. 13, 2016). Thus, if it wasn't already abundantly clear from the record of the parties' communications, history mandates that despite its representation to the contrary, AID knew it would dismiss its federal claim immediately after this case was removed to federal court.

AID's actions caused Golden Rule to unnecessarily incur costs and fees as a result of removal. Golden Rule removed this case because AID misrepresented its intent to litigate its federal claim rather than elect the state forum. *Cf. Baddie,* 64 F.3d at 490 (finding expenses were not a result of removal where they were "proximately caused by the plaintiffs' subsequent action rather than by the removal itself"). AID had the initial right to choose the forum in which to litigate its case, and Golden Rule had the right to remove this action to federal court. AID's right to decide whether to pursue its federal claim or litigate in state court in the face of likely removal did not confer it with authority to discourage, inhibit, or manipulate the exercise of the right of removal by Golden Rule. AID's actions however, did just that. This is the exact sort of behavior that § 1447(c) serves to deter. Therefore, AID's objections to recovery are rejected.

The Court has considered AID's remaining objections with regard to the amount of recovery requested, and finds they lack merit. Having reviewed the parties' filings, the Court concludes that $4,105.00 is the total amount of fees and costs incurred as a result of removal. Accordingly,

**IT IS ORDERED** that the Application for Award of Attorney fees and Related

---

[4] Contrary to AID's reading, *Baddie* is inapposite; the Ninth Circuit specifically distinguished its holding from "the question of whether a plaintiff who intentionally misleads the defendant into thinking that the case is subject to federal removal jurisdiction when it is not may be forced to bear the costs of such imprudence." *Baddie* 64 F.3d at 490 n.1.

4

Non-Taxable Expenses (Doc. 15) is **granted**.

      **IT IS FURTHER ORDERED** that Golden Rule Properties, LLC is awarded **$3,699.00** in fees and **$406.00** in costs pursuant to 28 U.S.C. § 1447(c).

Dated this 20th day of March, 2017.

                                               Honorable Steven P. Logan
                                               United States District Judge